

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00287-CV
_____

IN THE INTEREST OF M.J.F., A CHILD

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 10,650-L2, Honorable Jack M. Graham, Presiding

October 6, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant D.J.F. appeals the trial court's order terminating his parental rights to his child, M.J.F.[1] In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

## Background

M.J.F. is the male child of D.J.F. and R.M. The couple lived together for several years and had two children. M.J.F. was placed in the care of the Texas Department of

_____

[1] To protect the privacy of M.J.F., we refer to the child and parties by their initials. TEX. R. APP. P. 9.8; TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

[2] *Anders v. California,* 368 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Family and Protective Services shortly after his birth based on the parents' prior history with the Department concerning sexual abuse, physical abuse, physical neglect and neglectful supervision of their other children. After the Department investigated several potential relative placements, M.J.F. was placed in a foster home where he remained through the final hearing. The foster parents intervened in this matter.

M.J.F. was almost a year and a half old by the time of the final hearing. Prior to the hearing, D.J.F. had been convicted of aggravated assault with a deadly weapon against a household member, R.M., and imprisoned for a term of 40 years. He participated in the hearing via telephone. By the time of the hearing, R.M. lived in a women's shelter, had a job, had completed many of her services, and was cooperative with the Department. But she continued contact with D.J.F. despite their abusive relationship and indicated she wished to remain with D.J.F.

Intervenors, R.M., and the Department told the court an agreement had been reached whereby the intervenors were to be named the sole managing conservators of M.J.F. and R.M. was to be appointed as the sole possessory conservator of the child. D.J.F. opposed the termination of his parental rights, opposed the proposed agreement, and told the court that while he had not yet completed any of the services in his service plan, he planned to complete his service plan from prison. D.J.F. also admitted to the court he had been convicted of aggravated assault with a deadly weapon against R.M. and had been sentenced to serve 40 years in prison.

The trial court found, on D.J.F.'s admission, D.J.F. was the father of M.J.F. It also approved the agreement and, finding clear and convincing evidence supported the

2

Department's allegations against D.J.F., terminated D.J.F.'s rights on two grounds.[3] The trial court further found clear and convincing evidence had been presented to support a finding termination was in the best interests of M.J.F. *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (West 2015). D.J.F.'s appointed counsel filed notice of appeal.

## Analysis

Pursuant to *Anders*, D.J.F.'s court-appointed appellate counsel has filed a brief stating that he has diligently reviewed the record and the applicable law and concluding that, in his professional opinion, the record shows no arguably reversible error. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *Porter v. Tex. Dep't of Protective & Regulatory Servs.,* 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental-termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief").

---

[3] The trial court found clear and convincing evidence showed termination was proper under section 161.001(1)(O) and (Q) of the Family Code. TEX. FAM. CODE ANN. § 161.001(1)(O), (Q) (West 2014). *See* Act of Mar. 30, 2015, 84th Leg., R.S., S.B. 219, ch. 1, § 1.078, sec. 161.001, 2015 Tex. Sess. Law Serv. 1, 18-20 (West 2015) (to be codified as an amendment to Tex. Fam. Code Ann. § 161.001). For the remainder of this memorandum opinion, we will cite to the new section number as it will appear in the Family Code.

Those provisions provide appellant:

> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; and

> (Q) knowingly engaged in criminal conduct that has resulted in the parent's: (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), D.J.F.'s counsel has carefully discussed why, under controlling authority, there are no arguably meritorious grounds on which an appeal may be predicated with regard to the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served his brief, motion to withdraw and copy of the appellate record on D.J.F., and (3) informed D.J.F. of his right to review the record and to file a *pro se* response. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3*; see also In re Schulman*, 252 S.W.3d at 409 n.23. By letter, this Court has also informed D.J.F. of his right to file a *pro se* response to his counsel's *Anders* brief and motion. D.J.F. filed a response raising several issues. *See In re Schulman,* 252 S.W.3d at 409.

The United States Supreme Court has advised appellate courts that when the court receives a "frivolous appeal" brief, it must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *see also In re G.M. & X.M.,* No. 13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record, counsel's brief, and D.J.F.'s response and we have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford,* 813 S.W.2d at 509.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.,* 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (*citing In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002)). This intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re E.M.E.,* 234 S.W.3d at 73. It is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence supporting parental termination, a court reviews all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have "formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden of proof." *In re J.F.C.,* 96 S.W.3d at 266. In reviewing the evidence for factual sufficiency, we give due deference to the fact finder's findings and do not supplant its judgment with our own. *In re H.R.M.,* 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, on the entire record, a fact finder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2005); *In re T.B.D.,* 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

By the *Anders* brief, counsel notes reversible error is not presented because sufficient evidence supports termination under subsections (O) and (Q). *See In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.,* 180 S.W.3d 376, 384 (Tex. App.—Amarillo

5

2005, no pet.) (only one predicate finding under section 161.001 is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson,* 488 U.S. 75; *Stafford*, 813 S.W.2d at 511. After reviewing the record, counsel's brief and D.J.F.'s response, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating D.J.F.'s parental rights to M.J.F. is affirmed.


James T. Campbell
Justice